**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Riley WELLS, Defendant-Appellant.**

**No. 16133.**

United States Court of Appeals
Seventh Circuit.

Dec. 5, 1967.

Rehearing Denied Jan. 2, 1968.

Sam Adam, Chicago, Ill., for defendant-appellant.

Edward V. Hanrahan, U. S. Atty., Chicago, Ill., John Peter Lulinski, Gerald M. Werksman, Roger J. Balla, Asst. U. S. Attys., of counsel, for plaintiff-appellee.

Before KILEY, SWYGERT, and CUMMINGS, Circuit Judges.

PER CURIAM.

Riley Wells appeals from a judgment of conviction entered after a trial pursuant to an indictment charging a violation of 26 U.S.C. § 4704(a). The defendant filed a pre-trial motion for a bill of particulars pursuant to Rule 7(f) FED.R.CRIM.P. After the Government filed an answer in opposition to the granting of the motion,[1] the district court denied the motion, stating only, "Defendant's motion for a bill of particulars is denied." The sole question in this appeal is whether the district court abused its discretion in denying the defendant's motion.

In order for this court to properly review whether a district court has abused its discretion in denying a motion for a bill of particulars, we must be apprized of some of the factors governing the court's disposition of the motion. Cf. Will v. United States, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967). The record in this case, however, gives no indication of the basis for the district court's action. Both the orderly administration of criminal justice and due observance of the rights of an accused require that the district court articulate in terms that appear in the record the reason for exercising his discretion in denying a request for a bill of particulars. See e. g., United States v. Rosenfeld, 264 F.Supp. 760 (N.D. Ill. 1967). Such action by the district court is imperative if we are to perform our function on review in an informed manner.

Despite the silence of the record with respect to the reasons underlying the court's disposition of the defendant's motion, an examination of the record does not disclose reversible error in the district court's action. On several occasions, we have enunciated the kind of showing a defendant must make to successfully attack the denial of a motion for a bill of particulars. In United States v. Micele, 327 F.2d 222, 226 (7th Cir.), cert. denied, 377 U.S. 952, 84 S.Ct. 1628, 12 L.Ed.2d 496 (1964), we found no error in the denial of a motion for a bill of particulars, stating that by means of the indictment the defendant was "sufficiently 'apprised of the nature of the offense charged' * * * and there was * * * 'no danger of a violation of the principles of double jeopardy.'" In United States v. White, 370 F.2d 559, 560 (7th Cir. 1966), we reached the same conclusion as we did in *Micele*, stating that there was no showing either that the defendant was "surprised by evidence he was unprepared to meet or that he was unable to prepare a proper defense because of the insufficiency of the charge." The defendant in this case has likewise failed to demonstrate that he has suffered any prejudice by reason of the district court's denial of his motion.

Of course, every denial of a defendant's request for a bill of particulars may in some measure make the preparation of his defense more onerous. But a demonstration of this generalized kind of prejudice is insufficient to override the broad discretionary power vested in a district court with respect to such requests. If only a generalized showing of prejudice were sufficient, perhaps the defendant would always be entitled to a bill of particulars. Although the law of discovery in criminal cases has recently been liberalized, that development has yet to materialize.

The judgment of conviction is affirmed.

---

1. In its answer, the Government responded to two of the seventeen requests for particulars.