UNITED STATES of America,
Plaintiff-Appellee,

v.

Reno Richard COVA, Jr.,
Defendant-Appellant.

No. 84–1676.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 9, 1985.

Decided Feb. 22, 1985.

Rehearing Denied April 17, 1985.

See also, 580 F.Supp. 588.

Gonzalo P. Curiel, James & James, Dyer, Ind., for defendant-appellant.

Evan Spangler, Asst. U.S. Atty., R. Lawrence Steele, Jr., U.S. Atty., Hammond, Ind., for plaintiff-appellee.

Before BAUER, COFFEY and FLAUM, Circuit Judges.

BAUER, Circuit Judge.

Defendant Reno R. Cova, Jr. was convicted of one count of conspiracy to possess cocaine in violation of 21 U.S.C. §§ 844(a), 846 (1983) and was sentenced to six months imprisonment. Cova appeals his conviction, arguing that conspiracy to possess cocaine is not a lesser included offense of conspiracy to distribute cocaine, the original charge against Cova, and that the trial court therefore erred in allowing the government to amend Cova's indictment pursuant to Rule 31(c) of the Federal Rules of Criminal Procedure.

I

The facts in this case are not disputed. Briefly, Cova and Sandra Pozywio met with Sandra's brother, Steven Pozywio, at a family gathering in St. Louis, Missouri over the Labor Day weekend in 1983. During that weekend, Cova and Sandra Pozywio discussed with Steven Pozywio the possibility of their purchasing cocaine. Steven Pozywio informed the two that he could obtain some cocaine when he returned to his home in Lake County, Indiana, whereupon Cova issued him a signed blank check to purchase the drug. According to their plan, Steven Pozywio was to cash the check, purchase the cocaine, and then mail the cocaine to Cova's office.

Instead of proceeding with the plan, Steven Pozywio went to the F.B.I.'s office in Gary, Indiana, informed the F.B.I. of the plan, and agreed to cooperate with the F.B.I. in an investigation of Cova and Sandra Pozywio. As part of this investigation, telephone conversations between the three parties were monitored and recorded by the F.B.I. During these conversations Cova and Sandra Pozywio discussed the purchase of half an ounce of cocaine from Steven Pozywio, eventually agreeing on the price and quality of cocaine to be purchased and a method of delivery different from that which was agreed to in the original plan.

On September 25, 1983, Sandra Pozywio telephoned Steven Pozywio to inform him that she and Cova had driven to Indiana from St. Louis to get the cocaine. They arranged to meet at a restaurant in Schererville, Indiana. When Steven Pozywio arrived at the restaurant he was accompanied by F.B.I. agents, who then arrested Cova and Sandra Pozywio.

On the day of his arrest Cova was charged with conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a), 846. He was indicted on October 21, 1983, but this indictment was subsequently dismissed without prejudice on the government's motion. On December 16, 1983, Cova was charged in a six count indictment, including one count of conspiracy to distribute cocaine in violation of Sections 841(a) and 846. Cova pleaded not guilty to all counts and went to trial on February 6, 1984.

At the conclusion of the government's case, the trial court granted Cova's motion for judgment of acquittal on all counts. The government then moved to amend count one of the indictment from conspiracy to distribute to conspiracy to possess cocaine and to amend count two from attempt to distribute to attempt to possess cocaine pursuant to Rule 31(c), FED.R. CRIM.P. The trial court granted the government's motion and the two amended counts were subsequently submitted to the jury. Cova was convicted of conspiracy to possess cocaine but acquitted of attempt to possess cocaine.

II

Cova contends on appeal that the trial court improperly allowed the government

to amend count one of the indictment from conspiracy to distribute to conspiracy to possess cocaine. In support of this contention, Cova argues that conspiracy to possess cocaine is not a lesser included offense of conspiracy to distribute, as required by Rule 31(c). Thus, the sole issue in determining whether the trial court erred in allowing the government to amend count one is whether conspiracy to possess is a lesser included offense of conspiracy to distribute. We hold that the trial court's ruling was proper and affirm Cova's conviction.

The lesser included offense doctrine originated at common law as an aid to prosecutors in cases where the evidence failed to prove some element or elements of the crime charged, but was sufficient to prove some lesser crime. *See Keeble v. United States,* 412 U.S. 205, 208, 93 S.Ct. 1993, 1995, 36 L.Ed.2d 844 (1973); 2 C. WRIGHT, FEDERAL PRACTICE & PROCEDURE § 515 (2d ed. 1982). The lesser included offense doctrine may also benefit a defendant, however, in that a jury might convict a defendant of the greater charge when an instruction on a lesser charge is not given because, although the proof of the crime charged is insufficient, it believes that the defendant has nonetheless committed a serious crime. *See Hopper v. Evans,* 456 U.S. 605, 610, 102 S.Ct. 2049, 2052, 72 L.Ed.2d 367 (1982); *Beck v. Alabama,* 447 U.S. 625, 642, 100 S.Ct. 2382, 2392, 65 L.Ed.2d 392 (1980). Accordingly, the Supreme Court has consistently held that "[a] defendant is entitled to an instruction on the lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." *Keeble v. United States,* 412 U.S. 205, 208, 93 S.Ct. 1993, 1995, 36 L.Ed.2d 844 (1973). *See Hopper v. Evans,* 456 U.S. 605, 612 (1982); *United States v. John,* 437 U.S. 634, 636 n. 3, 98 S.Ct. 2541, 2542 n. 3, 57 L.Ed.2d 489 (1978). *See also Sansone v. United States,* 380 U.S. 343, 350, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965) (greater offense requires "disputed factual element which is not required for conviction of lesser-included offense").

In defining a lesser included offense, this circuit has held that "a lesser included offense contains some, but not all of the elements of the greater offense, and has no elements in addition to those of the greater offense." *United States v. Stavros,* 597 F.2d 108, 112 (7th Cir.1979). *Accord, United States v. Jeffers,* 532 F.2d 1101, 1106 (7th Cir.1976), *vacated in part on other grounds,* 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977) ("all the elements of the [lesser] offense must be included within the greater so that proof of the greater necessarily implies proof of the lesser"). In determining whether an offense is included in a greater offense, a court should not be limited to consideration of only the language of the statute under which the defendant was charged because a statute may be violated in different ways. *Stavros,* 597 F.2d at 112. Accordingly, this circuit has also considered the facts alleged in the indictment, *Stavros,* 597 F.2d at 112, and the evidence presented at trial, *United States v. Johnson,* 506 F.2d 305 (7th Cir. 1974) (per curiam), *cert. denied,* 420 U.S. 1005, 95 S.Ct. 1448, 43 L.Ed.2d 763 (1975), in determining whether a lesser included offense instruction was proper.

A similar approach has been adopted by the Second, Ninth, Tenth, and D.C. Circuits. *See United States v. Giampino,* 680 F.2d 898, 902–03 (2d Cir.1982); *United States v. Johnson,* 637 F.2d 1224, 1238 (9th Cir.1980); *United States v. Pino,* 606 F.2d 908, 916 (10th Cir.1979); *United States v. Kearney,* 498 F.2d 61, 64 (D.C.1974). Consideration of the facts alleged in the indictment and the evidence presented at trial is also consistent with the Supreme Court's holding in *Keeble,* which requires a lesser included offense instruction "if the evidence would permit" such a finding, 412 U.S. at 208, 93 S.Ct. at 1995, and its holding in *Sansone,* which requires a lesser included offense instruction " 'if the evidence justifie[s] it.' " 380 U.S. at 349, 85 S.Ct. at 1009 (*quoting Berra v. United States,* 351 U.S. 131, 134, 76 S.Ct. 685, 688, 100 L.Ed. 1013 (1956)). Moreover, it would have been incongruous for the trial judge in this case

not to consider the evidence presented in deciding the government's motion to amend the indictment after ruling that the government had failed to present sufficient evidence for a conviction of the crime charged. Therefore, we will consider all three factors in evaluating Cova's claim that the trial court erred by allowing the government to amend the indictment in this case.

Section 846 of Title 21 makes it illegal for any person to conspire to commit any offense defined in Subchapter I of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 et seq. (1983) (the Act). Section 844(a) of the Act provides that it is "unlawful for any person to knowingly or intentionally possess a controlled substance." Section 841(a) provides that it shall be illegal for any person to knowingly or intentionally distribute a controlled substance. Cova was charged in the indictment under Section 846 with conspiracy to distribute cocaine in violation of Section 841(a). He was convicted under Section 846 of conspiracy to possess cocaine in violation of Section 844(a).

■■■■ The elements required to prove conspiracy under Section 846 are somewhat different from the requirements for conspiracy in violation of other criminal statutes. Generally, the government must prove the existence of an agreement between two or more persons with the specific intent to commit an unlawful act and an act in furtherance of that agreement. See, e.g., United States v. Redwine, 715 F.2d 315, 320 (7th Cir.1983). All that is required under Section 846, however, is proof of an agreement between two or more persons to commit any offense under Subchapter I of the Act. See United States v. Umentum, 547 F.2d 987, 990 (7th Cir.1976) (citing United States v. Cortwright, 528 F.2d 168, 172 n. 1 (7th Cir.1975)). Therefore, the elements of the charge of which Cova was convicted are as follows: an agreement between two or more persons to knowingly or intentionally possess cocaine. The elements of conspiracy to distribute cocaine, which the trial court held included the con-

spiracy to possess charge, are as follows: an agreement between two or more persons to knowingly or intentionally distribute cocaine. The term "distribute" means to deliver, 21 U.S.C. § 802(11), and "delivery," in turn, means "the actual, constructive, or attempted transfer of a controlled substance." 21 U.S.C. § 802(8).

Count one of the indictment alleged that Cova conspired with Sandra Pozywio to distribute cocaine in northern Indiana and elsewhere between September 3, 1983 and September 25, 1983. At trial, the evidence presented supported the facts outlined in the statement of facts above. Most significantly for the purposes of this appeal, the evidence showed that Cova had made arrangements and taken action to pick up the cocaine himself. Therefore, in view of the statutory requirements, the allegations in the indictment, and the evidence presented at trial, it is apparent that the government attempted to prove a violation of Sections 846 and 841(a) by showing that Cova had entered into an agreement with Sandra Pozywio to purchase cocaine, to gain possession of the cocaine, and to then actually transfer that cocaine to others.

In granting Cova's motion for judgment of acquittal, the trial court obviously ruled that the government did not present sufficient evidence to convict Cova of conspiracy to distribute. It is also clear, however, that in allowing the government to amend the indictment, the trial judge determined that the government had presented sufficient evidence of a conspiracy to possess cocaine to submit the issue to the jury. It is thus apparent that the trial judge determined that the government failed to present sufficient evidence of an agreement between Cova and Sandra Pozywio to transfer the cocaine to others once they had it, but that the evidence did show an agreement to purchase the cocaine and get possession of it from Steven Pozywio.

■■■■ The jury found that Cova had conspired to possess cocaine. Comparing the elements necessary for such a finding and

the evidence presented to establish those elements in this case with the elements necessary for a conviction of conspiracy to distribute cocaine and the government's proof in support thereof, it is plain that the former is completely subsumed under the latter. In other words, the jury rationally could find that the evidence showed an agreement between Cova and Sandra Pozywio to purchase and possess cocaine, a violation of Sections 846 and 844(a), but the evidence did not show the additional element of an agreement to transfer the cocaine necessary to prove a violation of Section 846 and 841(a). Therefore, the charge of conspiracy to possess cocaine in this case was a lesser included offense of the original charge of conspiracy to distribute cocaine.

Cova argues that possession is not a lesser included offense of distribution because possession of a drug is a necessary element of the former but not of the latter. Quite simply, this argument does not address the issue in this case; possession is not a necessary element of either conspiracy to possess or conspiracy to distribute. Cova admits that the government's case did not require proof of possession to convict him of the original charge. Deft.'s Br. at 17. Nor does he challenge the sufficiency of the evidence presented to convict him of the lesser included charge, which did not include evidence that Cova at any time actually possessed cocaine. Therefore we need not address the merits of this argument.

Cova's only other argument is that his due process rights were violated when the trial court submitted the conspiracy to possess cocaine charge to the jury because of a prejudicial variance between the allegations in the indictment and the proof presented at trial. For a variance to require reversal of a conviction, the defendant must have been insufficiently informed of the charges against him so that he is substantially precluded from presenting an adequate defense or he must be insufficiently protected from a future prosecution for the same offense. *Berger v. United States,* 295 U.S. 78, 82, 55 S.Ct. 629, 630, 79 L.Ed. 1314 (1935); *United States v. Juarez,* 573 F.2d 267, 278–79 (5th Cir.), *cert. denied,* 439 U.S. 915, 99 S.Ct. 289, 58 L.Ed.2d 262 (1978). We find that Cova's rights were not prejudiced in either respect. It is inconceivable that in preparing a defense against a charge of conspiracy to distribute cocaine, Cova was precluded from adequately defending himself against a lesser included offense. We also find that the indictment alleged sufficient facts to prevent any future prosecution of Cova for the same events which led to his conviction here.

We find that in view of the statutory requirements of Sections 841(a), 844(a), and 846, the allegations in the indictment, and the evidence presented at trial, the conspiracy to possess cocaine charge of which Richard R. Cova, Jr. was convicted was a lesser included offense of conspiracy to distribute cocaine, the charge in count one of the indictment. Therefore, the trial court properly allowed the government to amend the indictment pursuant to Rule 31(c), Fed.R.Crim.P., and we affirm Cova's conviction.

AFFIRMED.