**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jess Bernard SHANNAHAN,
Defendant-Appellant.**

No. 79–1259.

United States Court of Appeals,
Tenth Circuit.

Submitted July 17, 1979.

Decided Sept. 12, 1979.

Joseph F. Dolan, U. S. Atty., and Susan R. Roberts, Asst. U. S. Atty., Denver, Colo., for plaintiff-appellee.

Daniel J. Sears, Federal Public Defender, and Michael G. Katz, Asst. Federal Public Defender, Denver, Colo., for defendant-appellant.

Before PICKETT, BARRETT and DOYLE, Circuit Judges.

PICKETT, Circuit Judge.

Jess Bernard Shannahan appeals his fifteen-year sentence following a conviction on an indictment charging him with bank robbery by force, violence, intimidation, and putting in jeopardy the lives of bank employees through the use of a dangerous weapon, in violation of 18 U.S.C. § 2113(a) and (d). The principal question presented is whether a conviction under Section 2113(d) can be sustained by evidence proving only the delivery to a bank employee of a bag accompanied with a handwritten note stating that the bag contained dynamite and demanding money, without additional proof that the bag actually contained dynamite capable of putting in jeopardy the life of a person. In other words, does Section 2113(d) require proof that the "dangerous weapon or device" be actually capable of putting the life of a person in jeopardy? The district court concluded that evidence showing that a defendant during a bank robbery displayed what appeared to be a dangerous weapon or device with the intention of intimidating a victim into a reasonable expectation of serious bodily injury satisfied the statute. The jury was so instructed.[1] We find no error in the instruction or in the refusal to give an instruction to the contrary.

The facts are not in dispute. At about 10:00 a. m. on February 18, 1978, two per-

---

1. The court's instruction reads, in part:

Any willful attempt or threat to inflict injury on the person of another when coupled with an apparent present ability to do so or any intentional display of force such as would give the victim reason to fear or expect immediate bodily harm constitutes an assault. An assault may be committed without actually touching or doing bodily harm to the person of another.

. . . . .

A person who has the apparent ability to inflict bodily harm or injury on the person of another and willfully attempts or threatens to inflict such bodily harm, as intentionally flourishing or pointing a pistol or gun at another person, may be found to have assaulted such person.

sons in a Honda automobile approached the drive-up window of the Aurora National Bank of Aurora, Colorado. Three female bank employees were on duty at that facility. Ann Marie Wagner was a teller at the drive-up window from which a push-pull drawer was operated. When the Honda automobile stopped at this window the drawer was extended and the driver of the automobile placed therein a green zippered bag which was then retrieved by Miss Wagner. In opening the bag she found a note which stated, "This is a robbery. There is dynamite in here." The note also demanded a specific sum of money amounting to more than $5,000. Miss Wagner also observed in the bag two objects bound together with red tape from which wires were extended, which appeared to her to be sticks of dynamite. A fuse was also observed in the bag. Miss Wagner advised the other two employees in the facility of the robbery and requested one of them to activate the police alarm system. She then gathered several hundred dollars in currency, placed the money in the zippered bag, and returned it with its contents to the driver. The car was driven away before the police appeared. Sometime later Shannahan was identified as the driver of the automobile and was placed under arrest. At the trial there was no evidence that the material in the bag was dynamite or that it was capable of causing injury to anyone.

Subsections (a) and (d) of Section 2113, Title 18, United States Code, are as follows:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

. . . . .

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

Relying on *Bradley v. United States*, 447 F.2d 264 (8th Cir. 1971), it is argued that to come within the aggravated provisions of Section 2113(d) it must be shown that the individual accused of bank robbery not only intended to create a reasonable apprehension on the part of a victim, but, in addition, it must be shown that there was an actual capability to cause death or physical harm. This was the holding in the *Bradley* case. The Sixth Circuit, in *United States v. Beasley*, 438 F.2d 1279, cert. denied, 404 U.S. 866, 92 S.Ct. 124, 30 L.Ed.2d 110 (1971), reached the opposite conclusion. The facts in *Beasley* are substantially the same as those in the instant case. The only difference is that in *Beasley* it was later discovered that the object in the bag delivered at the bank's drive-up window was harmless. In finding that the requisite elements of the aggravated offense were present, the court stated:

The Appellant maintains that the Government cannot succeed on appeal because Mrs. Stylas never testified, and the District Court did not find that she was actually placed *in fear*. It is our belief that Congress did not intend that the Government's case, under section 2113(d) depend upon its ability to probe and amplify the subjective emotional reactions of robbery victims confronted with potentially and apparently dangerous weapons. Apprehension is not synonymous with fear: a defendant against whom the requisite elements of the offense have been proved will not be absolved on the fortuity that his victim was too courageous or insensitive to be afraid. Thus, where a defendant is shown (a) to have created an apparently dangerous situation, (b) intended to intimidate his victim to a degree greater than the mere use of language, (c) which does, in fact, place his victim in reasonable expectation of death or serious bodily injury, the requirements of section 2113(d) are satisfied.

438 F.2d, supra, at 1282–83.

In *United States v. Waters*, 461 F.2d 248, cert. denied, 409 U.S. 880, 93 S.Ct. 207, 34 L.Ed.2d 134 (1972), this court considered

evidence necessary to sustain a conviction under Section 2113(d). The *Bradley* and *Beasley* cases were discussed, but the court was not required to reject either the *Bradley* or *Beasley* conclusions as it was found that there was sufficient evidence to sustain the conviction under either theory. Later, in *United States v. Marx*, 485 F.2d 1179, 1185 (1973), cert. denied, 416 U.S. 986, 94 S.Ct. 2391, 40 L.Ed.2d 764 (1974), a fake bomb case, this court, in affirming a conviction, and citing *Beasley* as authority, said:

> . . . [T]he fake bomb also constitutes a dangerous weapon because it placed Adams in reasonable expectation of death or serious bodily injury as required by § 2113(d). . . .

The court further stated:

> . . . It is our belief the court in *United States v. Beasley, supra*, properly explains what is meant by "jeopardy" requiring an objective state of danger. In *Beasley* the court noted that § 2113(d) requirements are satisfied when the defendant is shown:
>
> > (a) to have created an apparently dangerous situation, (b) intended to intimidate his victim to a greater degree than the mere use of language, (c) which, does in fact, place his victim in reasonable expectation of death or serious bodily injury. . . .

This court again followed the *Beasley* definition of "jeopardy" in *United States v. Moore*, 487 F.2d 414 (1973). See also *United States v. Cooper*, 462 F.2d 1343 (5th Cir.), cert. denied, 409 U.S. 1009, 93 S.Ct. 452, 34 L.Ed.2d 303 (1972), a fake bomb case; cf. *United States v. McAvoy*, 574 F.2d 718 (2d Cir. 1978); *United States v. Amos*, 566 F.2d 899 (4th Cir. 1977); *United States v. Harris*, 530 F.2d 576 (4th Cir. 1976).[2]

■ Finally, Shannahan contends that the court erred in not permitting the defense to use, on cross-examination, an F.B.I.

agent's reports of a witness' prior statements made during interviews. The reports were not signed, or otherwise adopted or approved, by the witness. The F.B.I. reports did not come within the rule authorizing the use of prior statements, and the court did not err in refusing to permit their use on cross-examination. 18 U.S.C. § 3500(e); *Goldberg v. United States*, 425 U.S. 94, 96 S.Ct. 1338, 47 L.Ed.2d 603 (1976); *Palermo v. United States*, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959); *United States v. Swindler*, 476 F.2d 167 (10th Cir.), cert. denied, 414 U.S. 837, 94 S.Ct. 183, 38 L.Ed.2d 72 (1973); *Ayash v. United States*, 352 F.2d 1009 (10th Cir. 1965).

AFFIRMED.

---

**2.** In *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), the Court was concerned with the issue of sentencing under 18 U.S.C. §§ 2113 and 924 where the conduct of defendants was in violation of both statutes. The Court took occasion to resolve a conflict in lower courts in the application of the phrase, "by the use of a dangerous weapon or device,"

used in Section 2113(d). The Court adopted the reasoning of Judge McCree in his dissent filed in the *Beasley* case, supra, 438 F.2d 1279. It was held that the phrase, "by the use of a dangerous weapon," must be read to modify both the assault and putting in jeopardy provisions of Section 2113(d). This decision does not affect the issue in the instant case.