**UNITED STATES of America, Plaintiff,**

v.

**Thomas A. BURGER, Sherwood E. Blount, Jr., James R. Cruce, Cathy (nee Allin) Cruce, Thomas D. Dunn, Jr., Joseph Grosz, and Kim A. Wise, Defendants.**

No. 91–40002–01–07.

United States District Court,
Kansas.

March 12, 1991.

Lee Thompson, U.S. Atty., Richard L. Hathaway, Asst. U.S. Atty., for the U.S.

Dennis W. Moore, Overland Park, Kan., for Thomas A. Burger.

Gary D. McCallister, Davis, Wright, Unrein, Hummer & McCallister, Topeka, Kan., Charles M. Meadows, Jr., Paul Edward Coggins, Kimberly Colby Harris, Meadows, Ownes, Collier, Reid & Coggins, Dallas, Tex., for Sherwood E. Blount, Jr.

Mark L. Bennett, Jr., Glenda L. Cafer, Bennett, Dillon & Callahan, Topeka, Kan., for James R. Cruce.

Mark L. Bennett, Jr., Glenda L. Cafer, Bennett, Dillon & Callahan, Topeka, Kan., Thomas M. Bradshaw, Thomas H. Stahl, Daniel O. Herrington, David L. Mills, Kansas City, Mo., for Cathy Cruce.

James L. Eisenbrandt, Bryan, Cave, McPheeters & McRoberts, Leawood, Kan., for Thomas D. Dunn, Jr.

Donald R. Hoffman, Topeka, Kan., Elliot Samuels, Chicago, Ill., for Joseph Grosz.

Gerald L. Goodell, Topeka, Kan., Frank H. McCarthy, Tulsa, Okl., Layn R. Phillips, Irell & Manella, Newport, Cal., for Kim A. Wise.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on several discovery-related defense motions in the

above-captioned criminal case.[1] The United States of America (hereinafter, "the government") has also filed a motion for reciprocal discovery and has moved to quash a subpoena filed by defendant Sherwood Blount. On March 8, 1991, pursuant to the pretrial scheduling order in this case, the court heard oral arguments on the motions. In this case, the above-named seven defendants were charged in a twenty-five count indictment, issued January 10, 1991, charging the defendants in Count 1 with a *Pinkerton*-type conspiracy, *see Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), and charging the defendants in the remaining counts with violations of the bank fraud statute, 18 U.S.C. § 1344 (Counts 2–24), and the false statement statute, 18 U.S.C. § 1001 (Count 25). It is the court's intention to dispose, in this Memorandum and Order, of all motions which are presently before the court (with the exception of defendant Cathy Cruce's motion for severance (doc. no. 115), which will be considered in a later hearing).

As an initial matter, the court finds that defendant Blount's motion for notice by government of intention to use evidence (doc. no. 62), should be denied because the government has stated that it has already provided defendants with the exhibits it intends to introduce in its case-in-chief. Thus, this motion should be denied as moot. Similarly, the court denies as moot defendant Blount's motion for production of psychiatric evaluations or records relating to drug or alcohol dependency of any government witnesses (doc. no. 65) based upon the government's assertion (uncontroverted by defendants) that no such records exist. The court also denies as moot defendant Dunn's motion for disclosure of unindicted co-conspirators (doc. no. 77), based upon the government's representations (again, uncontroverted), that the identities of all unindicted co-conspirators have already been disclosed.

The court also finds that defendant Blount's motion to disclose potential conflicts (doc. no. 70) should be denied, because the court finds that defendant has presented in his motion no reason for the court to believe that any departure from the normally applicable ethical rules should be anticipated in this case. Because the court finds that neither defendant has presented persuasive reasons for deviating from the court's previously entered scheduling order in this case, the court finds that the following motions should also be denied: defendant Blount's motion to amend motions or file new motions upon receipt of material from the government (doc. no. 67), and defendant Cathy Cruce's motion for a 30–day extension of time in which to file a motion for discovery and inspection (doc. no. 122), as well as defendant Cathy Cruce's motion for continuance of discovery and motion schedule for 30 days (doc. no. 112).

■ The court further finds that defendant Blount's motion for production and inspection of grand jury minutes (doc. no. 60), should also be denied. Defendants ask for the transcripts of all grand jury proceedings for the following purposes: to determine whether the grand jury based its indictment only on hearsay, to determine whether the transcripts contain any exculpatory evidence, to determine whether the grand jury based its indictment on a misapplication or a misunderstanding of the law caused by the Assistant United States Attorney, to determine whether improper disclosures were made, and to determine whether the government actually produced the transcripts of the witnesses it intends to call. Disclosure of grand jury testimony or "minutes" is allowed only when a defendant has made a strong showing that a "particularized need" exists and that this

---

1. According to the February 13, 1991, ruling of the Magistrate and the pretrial scheduling order in this case, all defendants are deemed to have joined in their codefendants' motions unless a defendant, within three days of a motion being filed, files a motion to "opt out." The only motion to "opt out," filed by defendant Sherwood E. Blount, Jr., was untimely. Although for clarity purposes the court may refer to the defendant who filed the motion and/or to document numbers, the court deems that all defendants have joined in all motions filed. Defendant Grosz's motion to adopt codefendants' motions (doc. no. 87), is therefore denied as moot.

need outweighs the policy of grand jury secrecy. *United States v. Proctor & Gamble Co.,* 356 U.S. 677, 681–82, 78 S.Ct. 983, 985–86, 2 L.Ed.2d 1077 (1958); *see also United States v. Warren,* 747 F.2d 1339, 1347 (10th Cir.1984). Because the court finds that defendants have failed to make the required showing of particularized need, defendants' motion will be denied.

## MOTIONS FOR A BILL OF PARTICULARS

Defendants Burger, Blount, James Cruce, Cathy Cruce, Dunn, Grosz, and Wise have filed separate motions for a bill of particulars, (doc. nos. 95, 68, 103, 114, 75, 91, and 99, respectively). As an initial matter, the court notes that the bill of particulars is not "designed as a vehicle for discovery." *United States v. Deerfield Specialty Papers, Inc.,* 501 F.Supp. 796, 810 (E.D.Pa.1980) (citation omitted). The purpose of a bill of particulars is not to allow a defendant to obtain evidentiary detail of the government's case or information regarding the government's legal theories, *United States v. Gabriel,* 715 F.2d 1447, 1449 (10th Cir.1983), but is instead to supplement the indictment, when necessary, to enable the defendant to prepare his defense, avoid prejudicial surprise at trial, and to bar the risk of double jeopardy. *Id.* The grant or denial of such motions is discretionary with the court. *United States v. Wright,* 826 F.2d 938, 942 (10th Cir.1987) (citing *United States v. Moore,* 556 F.2d 479 (10th Cir.1977)).

■ In determining whether to grant a defendant's motion for a bill of particulars, the court must decide whether the defendant has been sufficiently apprised of the essential facts of the crime for which he has been indicted by means of the indictment, prior proceedings and discovery. Additionally, the court looks to the defendant's specific showing of prejudice. *Wright,* 826 F.2d at 942; *United States v. Swiatek,* 632 F.Supp. 985, 987 (N.D.Ill. 1986). If a defendant offers nothing more than a generalized and conclusory statement of prejudice, the court will deny the motion. *Swiatek,* 632 F.Supp. at 987. *See,*

*e.g., United States v. Wells,* 387 F.2d 807, 808 (7th Cir.1967), *cert. denied,* 390 U.S. 1017, 88 S.Ct. 1272, 20 L.Ed.2d 168 (1968).

■ In reviewing defendants' motions, the indictment in this case and the applicable law, the court finds that defendants' motions should be denied because they seek disclosure of the evidentiary details of the government's case, to which they are not entitled in a bill of particulars. *See, e.g., United States v. Kilrain,* 566 F.2d 979, 985 (5th Cir.), *cert. denied,* 439 U.S. 819, 99 S.Ct. 80, 58 L.Ed.2d 109 (1978); *United States v. Baca,* 494 F.2d 424, 426 (10th Cir.1974); *United States v. Shoher,* 555 F.Supp. 346, 349–50 (S.D.N.Y.1983); *Deerfield Specialty Papers, Inc.,* 501 F.Supp. at 810. The court also finds that defendants have not made a showing of specific prejudice which would result from the court's failure to grant the bill. *Wright,* 826 F.2d at 942–44. The court finds that the indictment and discovery produced-to-date provide defendants with adequate notice of the charges against them, supply defendants with enough facts to enable them to prepare their respective defenses, to avoid surprise at trial, and to avoid double jeopardy. *See Gabriel,* 715 F.2d at 1449. Accordingly, the court denies defendants' motions for a bill of particulars.

## DEFENDANTS' RULE 16 MOTIONS

As a preliminary matter, the court notes that the government has affirmatively represented that it has provided the defendants with all statements within the ambit of Rule 16(a)(1)(A), *i.e.,* written or recorded statements of a defendant that are in the government's custody, the substance of oral statements of a defendant the government intends to offer at trial and that were made in response to government interrogation, and a defendant's grand jury testimony. As these statements are all that is required to be produced under Rule 16(a)(1)(A), the court finds that defendants' motions pursuant to this particular subsection should be denied as moot. The court similarly finds that defendants' motions pursuant to Rule 16(a)(1)(B) should be de-

nied as moot because of the government's representation that the defendants have, to its knowledge, no prior records.

The bulk of defendants' motions for Rule 16 discovery lie within the parameters of Rule 16(a)(1)(C), which requires the production of "documents ... which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant." Because the government has produced the documents it intends to use at trial, as well as the documents obtained from the defendants, the court will focus its attention on the third prong of the Rule: documents in the government's possession "which are material to the preparation of the defendant[s'] defense."

Defendants make over one hundred requests under Rule 16. Upon the government's production of documents material to a defense, defendants have the burden of making a *prima facie* showing that the government is in possession of information that would be material to the defense. *See, e.g., United States v. Little,* 753 F.2d 1420, 1445 (9th Cir.1984); *United States v. Buckley,* 586 F.2d 498, 506 (5th Cir.), *cert. denied,* 440 U.S. 982, 99 S.Ct. 1792, 60 L.Ed.2d 242 (1979). Materiality under Rule 16(a)(1)(C), "means more than that the evidence in question bears some abstract logical relationship to the issues in the case." *United States v. Ross,* 511 F.2d 757, 762 (5th Cir.), *cert. denied,* 423 U.S. 836, 96 S.Ct. 62, 46 L.Ed.2d 54 (1975). Rather, "[t]here must be some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor." *Id.* at 763. Rule 16(a)(1)(C)'s materiality requirement reaffirms the notion that this limited discovery device cannot be used to apprise defendants " 'of all investigatory work on a case.' " *Shoher,* 555 F.Supp. at 353 (citations omitted). Conclusory allegations that the requested information is "material" to the preparation of a defenses are not sufficient to meet the materiality requirement of Rule 16(a)(1)(C). *See United States v. Cadet,* 727 F.2d 1453, 1466 (9th Cir.1984); *Ross,* 511 F.2d at 763. Upon examination of defendants' motions and upon hearing oral arguments thereon, the court finds that defendants' request for Rule 16 discovery should be granted only as to item no. 1 ("Loan files of Peoples concerning the transactions in the Indictment"), and item no. 4 ("Closing binders of borrowers and Peoples, San Jacinto and University relating to the transactions in the Indictment), as listed on defendants' exhibit 2 presented during the March 8, 1991 motions hearing, entitled "Rule 16 Requests." The court finds, however, that the remaining Rule 16 requests should be denied because defendants have failed to show that the government has in its possession information that would be material to the preparation of their defenses, as required by Rule 16 and the applicable case law. Thus, defendants' motions for Rule 16 discovery (doc. nos. 95, 56, 105, 81, 88, and 98), will be granted in part and denied in part, as stated in this Memorandum and Order.

## MOTIONS FOR RULE 17(c) SUBPOENAS

Defendants have also requested permission to issue sixty-three subpoenas to over thirty entities and individuals; defendants further request that they be allowed to issue more subpoenas after receiving responses to the first sixty-three. (doc. nos. 95, 74, 108, 118, 84, 89, 96; defendants' exhibit 1 as presented at the March 8, 1991 hearing and as supplemented by a later filing by defendant Cathy Cruce). Rule 17(c) in relevant part provides that the court "may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial ... and may upon their production permit the [items] ... to be inspected by the parties and their attorneys." The court notes that Rule 17(c) of the Federal Rules of Criminal Procedure is not intended to be used as a discovery device. *See United States v. Nixon,* 418 U.S. 683, 698, 94 S.Ct. 3090, 3102, 41 L.Ed.2d 1039 (1974). The grant of a motion

for pretrial production under Rule 17(c) is within the court's discretion. *United States v. Cuthbertson*, 630 F.2d 139, 145 (3d Cir.1980), *cert. denied*, 449 U.S. 1126, 101 S.Ct. 945, 67 L.Ed.2d 113 (1981).

■ In *Nixon*, the Supreme Court adopted the following four-part test; thus, in order to require production prior to trial, defendants must show:

(1) that the documents are evidentiary and relevant;

(2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence;

(3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and

(4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*Id.* 418 U.S. at 699–700, 94 S.Ct. at 3103; *see also United States v. Winner*, 641 F.2d 825, 833 (10th Cir.1981). The *Nixon* requirements have been referred to as "three hurdles" which must be cleared: relevancy, admissibility and specificity. *Nixon*, 418 U.S. at 700, 94 S.Ct. at 3103. Notably, the documents sought cannot be *potentially* relevant or admissible, they must meet the test of relevancy and admissibility at the time they are sought. *See, e.g., United States v. Marchisio*, 344 F.2d 653, 669 (2d Cir.1965).

The court finds that because defendants have failed to meet the above-cited criteria from *Nixon*, defendants' motions for the issuance of Rule 17(c) subpoenas should be denied. Defendants' conclusory statements that the documents may be relevant and admissible are insufficient. *See United States v. Eden*, 659 F.2d 1376, 1381 (9th Cir.1981), *cert. denied*, 455 U.S. 949, 102 S.Ct. 1450, 71 L.Ed.2d 663 (1982). Thus, defendants' motions will be denied.

### Government's Motion to Quash Trial Subpoena Issued to Special Agent Andy Farrell

■ Defendant Sherwood E. Blount, Jr. has issued a trial subpoena, directing Special Agent Farrell to produce all of the investigative notes he generated in connection with this case. The government has asked the court to quash this subpoena issued to special agent Andy Farrell. As a general matter, unless an agent's investigation notes are producible under the Jencks Act (18 U.S.C. § 3500), or *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), these notes are protected from disclosure under Fed.R.Crim.P. 16(a)(2). *See, e.g., United States v. Metropolitan Enterprises, Inc.*, 728 F.2d 444, 451 (10th Cir.1984). Because the government has affirmatively stated that it has already produced all Jencks Act and *Brady* material, the defendant bears the burden of proving that Agent Farrell's notes are either Jencks or *Brady* material. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 59, 107 S.Ct. 989, 1002, 94 L.Ed.2d 40 (1987); *United States v. Heath*, 580 F.2d 1011, 1019 (10th Cir.1978).

■ In its motion to quash, the government represents that Agent Farrell will not testify at trial and that his notes do not contain "statements" as defined by the Jencks Act, *i.e.*, statements adopted by the witness or substantially verbatim reports of witness statements. *See* 18 U.S.C. § 3500(e)(1) & (2). Consequently, Agent Farrell's notes cannot be used at trial. *United States v. Shannahan*, 605 F.2d 539, 542 (10th Cir.1979). The court further finds that defendant Blount has not established the relevance or materiality of Agent Farrell's notes. Thus, the court will grant the government's motion to quash defendant Blount's subpoena to Agent Farrell.

### MOTIONS FOR BRADY/GIGLIO/EXCULPATORY MATERIAL

■ In several motions, defendants seek disclosure of exculpatory material as mandated by *Brady* and *Giglio*. (doc. nos. 95, 71, 106, 120, 79). The government has represented that it produced all material required by *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and by *Giglio v. United States*, 405 U.S.

150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), at the omnibus hearing on February 19, 1991. *Brady* requires disclosure of "material" exculpatory evidence to assure that the defendant will not be denied access to such evidence known only to the government. *Shoher*, 555 F.Supp. at 352 (citations omitted). Accordingly, although the government is obligated to turn over evidence in its possession that is both favorable to the defendants and material to their guilt or punishment, *Pennsylvania v. Ritchie*, 480 U.S. 39, 57, 107 S.Ct. 989, 1001, 94 L.Ed.2d 40 (1987), the government is not obligated to provide defendants with unlimited discovery of everything it knows, *United States v. Agurs*, 427 U.S. 97, 106, 109, 96 S.Ct. 2392, 2398, 2400, 49 L.Ed.2d 342 (1976), nor is the government obligated to give the defendant unsupervised authority to search through its files. *Ritchie*, 480 U.S. at 59, 107 S.Ct. at 1002; *United States v. Bagley*, 473 U.S. 667, 675, 105 S.Ct. 3375, 3379, 87 L.Ed.2d 481 (1985). Furthermore, the constitution does not demand that the government disclose or allow complete discovery of everything that might influence a jury. *Agurs*, 427 U.S. at 109, 96 S.Ct. at 2400. Finally, the government is not required "to facilitate the compilation of exculpatory material that, with some industry, defense counsel could marshall on their own." *Shoher*, 555 F.Supp. at 352. As the Tenth Circuit recently stated:

> The Government has no obligation to disclose possible theories of the defense to a defendant. If a statement does not contain any expressly exculpatory material, the Government need not produce that statement to the defense. To hold otherwise would impose an insuperable burden on the Government to determine what facially non-exculpatory evidence might possibly be favorable to the accused by inferential reasoning. We are confident that the Supreme Court did not intend the *Brady* holding to sweep so broadly.

*United States v. Comosona*, 848 F.2d 1110, 1115 (10th Cir.1988).

Further, it is well settled that *Brady* is "not a discovery rule," *see United States v. Bonnett*, 877 F.2d 1450, 1459 (10th Cir. 1989) (citations omitted), and does not create any pre-trial discovery privileges not contained in the Federal Rules of Criminal Procedure. *United States v. Flores*, 540 F.2d 432, 438 (9th Cir.1976). Rather, "*Brady* only requires that the government supply a defendant with exculpatory information of which it is aware." *Id.* And, the government "need only disclose information favorable to the defense that meets the appropriate standard of materiality." *See United States v. Cadet*, 727 F.2d 1453, 1467 (9th Cir.1984) (citing *Agurs*, 427 U.S. at 108–112, 96 S.Ct. at 2399–2402).

■■■■ The Supreme Court recently restated *Brady's* materiality standard in *United States v. Bagley:*

> The evidence is material only if there is a reasonable probability that, [were] the evidence [to be] disclosed to the defense, the result of the proceeding would [be] different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome.

473 U.S. at 682, 105 S.Ct. at 3383. As with Rule 16(a)(1)(C), the required showing of materiality is not satisfied by mere conclusory allegations. *Cadet*, 727 F.2d at 1466. Nor does the "mere possibility" that an item of undisclosed information might help the defense, or might affect the outcome of the trial, establish "materiality" in the constitutional sense. *Agurs*, 427 U.S. at 109–10, 96 S.Ct. at 2400–2401; *see also, United States v. Jackson*, 579 F.2d 553, 560 (10th Cir.), *cert. denied*, 439 U.S. 981, 99 S.Ct. 569, 58 L.Ed.2d 652 (1978). The burden of proving the materiality of the requested and undisclosed information is always on the defendant, as the law does not require the government to prove a negative, *e.g.*, that the requested information is *not* material. *See, e.g., United States v. Barnett*, 587 F.2d 252, 258 (5th Cir.1979), *cert. denied*, 441 U.S. 923, 99 S.Ct. 2031, 60 L.Ed.2d 396 (1979). As the Supreme Court recently explained in *Pennsylvania v. Ritchie:*

> [T]his Court has never held ... that a defendant alone may make the determination as to the materiality of the information. Settled practice is to the contrary. In the typical case where a defendant makes only a general request for

exculpatory material under *Brady*, ... it is the [government] that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final. Defense counsel has no constitutional right to conduct his own search of the [government's] files to argue relevance.

480 U.S. at 59, 107 S.Ct. at 1002 (*citing Weatherford v. Bursey,* 429 U.S. 545, 559, 97 S.Ct. 837, 845, 51 L.Ed.2d 30 (1977)) (footnote omitted). The court finds defendants' contentions that the requested information may provide evidence of their noninvolvement in the scheme to defraud do not satisfy the materiality standard. *See United States v. Davis,* 752 F.2d 963, 976 (5th Cir.1985). The court finds defendants' other arguments in this regard unpersuasive.

■ Finally, defendants have also requested all impeachment information. Whether the information is exculpatory as direct evidence or impeachment evidence, defendants still must prove that the evidence sought is material, *i.e.,* substantially impeaching "so that, if disclosed and used effectively, it may make the difference between conviction and acquittal." *Bagley,* 473 U.S. at 676, 105 S.Ct. at 3380. The court finds that defendants have not made the required showing of materiality with regards to the impeachment information requested. Given the above-stated reasons and the government's representation that it has, to its knowledge, disclosed all exculpatory and favorable material in its possession, and will continue to honor its obligations under *Brady* and *Giglio* should such information come to its attention in the future, the court finds that defendants' motions for discovery and inspection of all *Brady/Giglio/* exculpatory material should be denied.

### MOTIONS FOR JENCKS ACT MATERIALS AND CO–CONSPIRATOR STATEMENTS

■ Defendants also have filed motions for Jencks Act materials and co-conspirator statements. (doc. nos. 95, 63, 66, 104, 86, and 97). Because the government has represented that all Jencks Act materials have been provided to the defendants, in addition to all co-conspirator statements producible under the Jencks Act, Fed.R.Crim.P. 26.2(f) and *Brady,* and defendants have provided no information to the contrary, the court will deny defendants' motions as moot. Additionally, because the government has not refused to produce identified statements, and because the defendants have neither particularly identified undisclosed Jencks Act statements, nor cast substantial doubt as to whether the government possesses information which could arguably be "statements" under the Jencks Act, the court finds that defendants have not demonstrated any need for the court to conduct an *in camera* review of the government's files for any statements which might exist. *United States v. Page,* 808 F.2d 723, 730 (10th Cir.), *cert. denied,* 482 U.S. 918, 107 S.Ct. 3195, 96 L.Ed.2d 683 (1987). Accordingly, defendants' motions in this regard will be denied.

### MOTIONS FOR PRETRIAL DETERMINATION OF ADMISSIBILITY OF FED.R.EVID. 801(d)(2)(E) HEARSAY

■ Defendants request a pretrial hearing to determine the admissibility of co-conspirator statements under the hearsay exception of Federal Rule of Evidence 801(d)(2)(E). (doc. no. 90). The court's practice, especially in trials as lengthy as this one probably will be, is to conditionally admit co-conspirators' statements, subject to the government later connecting the co-conspirators and their statements to the conspiracy. The Tenth Circuit has approved this practice, *see, e.g., United States v. Pinto,* 838 F.2d 426, 433 n. 3 (10th Cir.1988), and the court finds that defendants have not demonstrated a need for a pretrial hearing in this regard, especially given the potentially time-consuming nature of such a hearing. Thus, this motion will also be denied by the court.

### MOTIONS FOR PRETRIAL DISCLOSURE OF EVIDENCE TO BE INTRODUCED PURSUANT TO FED. R.EVID. 404(b)

■ Defendants also request pretrial disclosure of all evidence the government

intends to introduce at trial pursuant to Federal Rules of Evidence 404(b).[2] (doc. nos. 95, 107, and 82). Defendants contend that pretrial disclosure of this evidence is necessary to enable them to prepare adequately for trial, to prevent potential prejudice, and to potentially provide additional support for their arguments for severance.

Because "[t]here is no general constitutional right to discovery in a criminal case," *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 846, 51 L.Ed.2d 30 (1977), the government is not required to disclose its witnesses or their testimony before trial, unless such a disclosure is required by due process under *Brady* or by the Federal Rules of Criminal Procedure. *United States v. Kendall*, 766 F.2d 1426, 1440–41 (10th Cir.1985), *cert. denied*, 474 U.S. 1081, 106 S.Ct. 848, 88 L.Ed.2d 889 (1986); *see also United States v. Marquez*, 686 F.Supp. 1354, 1358 (N.D.Ill.1988) ("The government is not obligated to provide defendants with everything in its possession about which defendants might be cross-examined if they testify at trial."). The Federal Rules of Criminal Procedure do not require the disclosure of 404(b) evidence.[3] *Kendall*, 766 F.2d at 1440–41. Further, because 404(b) evidence is very unlikely to be exculpatory, *Brady* does not require its disclosure. *Id.* The Tenth Circuit has recently stated that defendants' inability to gain access to 404(b) evidence prior to trial will not deny them any rights guaranteed by the sixth amendment:

> [The defendant/appellant] cites no authority, nor have we been able to discover any, for the proposition that pretrial disclosure of Rule 404(b) evidence is required by the Sixth Amendment. Given the clear language of *Weatherford* ..., we conclude that there is no general Sixth Amendment right to such pretrial disclosure.

*Id.* Nor does the court's failure to grant prior disclosure infringe on defendants' due process rights. *Id.*

Given the above authorities, the court finds that defendants are not legally entitled to the disclosure they seek. The court further finds that the limitations on the use of Rule 404(b) evidence will afford the defendants sufficient protection against unfairness or any unduly prejudicial effect. *Kendall*, 766 F.2d at 1441. Accordingly, the court will deny defendants' motions.

## GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY PURSUANT TO FED.R.CRIM.P. 16(b)(1)(A)

The government has also filed a motion for reciprocal discovery pursuant to Rule 16(b)(1)(A) of the Federal Rules of Criminal Procedure (doc. no. 48). Rule 16(b)(1)(A) states:

> If the defendant requests disclosure under subdivision (a)(1)(C) or (D) of this rule, upon compliance with such request by the government, the defendant, on request of the government, shall permit the government to inspect and copy or photograph books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at the trial.

This discovery from defendant is, however, limited by Rule 16(b)(2) which provides that certain information is not subject to disclosure. The defendants who responded to the government's motion do not generally dispute that Rule 16 allows such reciprocal discovery; rather, they take issue with whether the government has complied with its Rule 16 obligations and with the date on which they must make discovery available.

---

**2.** Defendant Blount also moves for exclusion of all Rule 404(b) evidence. (doc. no. 58). Because the court will address such a motion closer to the time of trial, the court finds that defendant's motion should be denied as premature.

**3.** The court further finds that defendant Blount's motion for pretrial disclosure of evidence pursuant to Rule 405 (doc. no. 73) should be denied, as defendant has presented no authority or persuasive argument to support this motion. The court also finds that the reasons stated in connection with pretrial disclosure of 404(b) evidence would also support denial of defendant's motion.

■ Because the court finds that defendants have requested and received discovery under Fed.R.Crim.P. 16(a)(1)(C) and/or (D) and that the government has stated that it has complied with these requests (including the exhibits it intends to introduce in its case-in-chief, items obtained from or belonging to defendants, and items which are material to the preparation of defendants' defense), the government's request for reciprocal discovery under Rule 16(b)(1)(A) must be granted. The court further concludes that any documents the defendants intend to introduce in support of an advice-of-counsel defense are not protected by the exclusions of Rule 16(b)(2) or by the attorney-client privilege. *See* Fed. R.Crim.P. 16(b)(2); *United States v. Defazio*, 899 F.2d 626, 631 (7th Cir.1990). The court also finds that requiring a defendant to produce such documents fifteen days before trial is not unreasonable. For these reasons, the court orders the defendants to produce for the government's inspection and copying no later than April 15, 1991, the documents requested in the government's motion.

IT IS BY THE COURT THEREFORE ORDERED that the following motions are denied:

Defendant Blount's Motion for Bill of Particulars (doc. no. 68)

Defendant Blount's Motion for Leave to Issue Subpoenas Duces Tecum Requiring Pretrial Production of Documents Pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure (doc. no. 74)

Defendant Blount's Motion for Production of Jencks Act Material (doc. no. 63)

Defendant Blount's Motion for Production and Inspection of Grand Jury Minutes (doc. no. 60)

Defendant Blount's Motion to Exclude 404(b) Evidence or in the Alternative to Require Pretrial Disclosure of All Evidence Which the Government Intends to Offer Pursuant to Rule 404(b) Against Any Defendant (doc. no. 58)

Defendant Blount's Motion for Disclosure of All Evidence the Government Intends to Offer Pursuant to Rule 405 (doc. no. 73)

Defendant Blount's Motion for Statements of Alleged Indicted or Unindicted Co-Conspirators (doc. no. 66)

Defendant Blount's Motion for Production of Psychiatric Evaluations or Records Relating to Drug or Alcohol Dependency of Any Government Witnesses (doc. no. 65)

Defendant Blount's Motion for Notice by Government of Intention to Use Evidence (doc. no. 62)

Defendant Blount's Motion to Amend Motions or File New Motions Upon Receipt of Material from the Government (doc. no. 67)

Defendant Blount's Motion to Disclose Potential Conflicts (doc. no. 70)

Defendant Blount's Motion for Disclosure of Agreement Between the Government and Government Witnesses (doc. no. 71)

Defendant James Cruce's Motion for Bill of Particulars (doc. no. 103)

Defendant James Cruce's Motion for Issuance of Rule 17(c) Subpoenas (doc. no. 108)

Defendant James Cruce's Motion for Production of Jencks Material (doc. no. 104)

Defendant James Cruce's Motion for Pretrial Disclosure of All Evidence Which the Government Intends to Offer Pursuant to Rule 404(b) of the F.R.E. (doc. no. 107)

Defendant James Cruce's Motion for Production of Exculpatory Evidence (doc. no. 106)

Defendant James Cruce's Motion for Discovery and Inspection (doc. no. 105)

Defendant Cathy Cruce's Motion for Bill of Particulars (doc. no. 114)

Defendant Cathy Cruce's Motion for Subpoena Duces Tecum for Production of Documents Prior to Trial (doc. no. 118)

Defendant Cathy Cruce's Motion for Production of Favorable Evidence (doc. no. 120)

Defendant Cathy Cruce's Motion for a Thirty Day Extension of Time in Which to File a Motion for Discovery and Inspection (doc. nos. 112 and 122)

Defendant Dunn's Motion for Bill of Particulars (doc. no. 75)

Defendant Dunn's Motion for Issuance of Rule 17(c) Subpoenas (doc. no. 84)

Defendant Dunn's Motion for Pretrial Disclosure of All Evidence which the Government Intends to Offer Pursuant to Rule 404(b) Fed.R.Evid. (doc. no. 82)

Defendant Dunn's Motion for Production of Jencks Act Material (doc. no. 86)

Defendant Dunn's Motion for Discovery of Favorable Evidence and Impeaching Evidence (doc. no. 79)

Defendant Dunn's Motion for Disclosure of Unindicted Co–Conspirators (doc. no. 77)

Defendant Grosz's Motion for a Bill of Particulars (doc. no. 91)

Defendant Grosz's Motion for Leave to Issue Subpoenas Duces Tecum Requiring Pretrial Production of Documents pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure (doc. no. 89)

Defendant Grosz's Motion for Production and Disclosure (doc. no. 88)

Defendant Grosz's Motion for a Pre-trial Hearing to Establish the Admissibility of Co–Conspirator Statements (doc. no. 90)

Defendant Grosz's Motion to Adopt Co–Defendants' Motions (doc. no. 87)

Defendant Wise's Motion for a Bill of Particulars (doc. no. 99)

Defendant Wise's Motion for Leave to Issue Subpoenas Duces Tecum Requiring Pretrial Production of Documents Pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure (doc. no. 96)

Defendant Wise's Motion for Prior Production of Jencks Statements (doc. no. 97)

IT IS FURTHER ORDERED that the following motions are granted in part, and denied in part, as consistent with this Memorandum and Order granting defendants' motion for Fed.R.Crim.P. 16 discovery with regard to items no. 1 and no. 4 on exhibit 2 of their Rule 16 requests presented at the March 8, 1991 hearing on defendants' motions:

Defendant Burger's Motion for Pre-trial Discovery (doc. no. 95)

Defendant Blount's Motion for Discovery and Inspection (doc. no. 56)

Defendant Dunn's Motion for Discovery Pursuant to Rule 16 of Federal Rules of Procedure and the Federal Rules of Evidence (doc. no. 81)

Defendant Wise's Motion for Discovery and Inspection (doc. no. 98)

IT IS FURTHER ORDERED that the following motions are granted:

Government's Motion for Discovery Pursuant to Fed.R.Crim.P. 16(b)(1)(A) (Doc. no. 48)

Government's Motion to Quash Trial Subpoena Issued to Special Agent Andy Farrell (incorporated in the Government's Consolidated Response to defendants' motions (doc. no. 130)).