**UNITED STATES of America, Plaintiff,**

v.

**Armando Nelson PELLIERE, Defendant.**

**No. 93–40003–03–SAC.**

United States District Court,
D. Kansas.

Aug. 17, 1995.

F.G. Manzanares, Topeka, KS, for defendant.

Thomas G. Luedke, Office of United States Attorney, Topeka, KS, for U.S.

## MEMORANDUM AND ORDER

CROW, District Judge.

On June 13, 1995, the Tenth Circuit entered an order finding that this court erred in enhancing Armando Nelson Pelliere's sentence under U.S.S.G. § 3C1.1 for obstruction of justice. The court of appeals also concluded that this court failed to make adequate findings of fact with respect to enhancement under § 3B1.1(b) based on Pelliere's role in the offense. The Tenth Circuit remanded the case to vacate Pelliere's sentence and to resentence in light of its opinion. *See United States v. Pelliere,* 57 F.3d 936 (10th Cir. 1995). In accordance with that mandate, Pelliere was scheduled for resentencing on August 15, 1995.

This case comes before the court upon Pelliere's "MOTION FOR GOVERNMENT TO FURNISH REPORT, ADDRESS, PLACE OF EMPLOYMENT, AND TELEPHONE NUMBERS OF DARYL L. JACKSON, OR IN THE ALTERNATIVE, THAT DARYL L. JACKSON'S TESTIMONY BE SUPPRESSED OR STRICKEN, AND FOR A CONTINUANCE" (Dk. 406). Pelliere's motion was filed on August 10, 1995. The government apparently intends to call Jackson as a witness at Pelliere's resentencing. *See* (Dk. 404) ("Government's Notice of Intent to Call Witnesses"). In Pelliere's two-page motion, he states that "the government has refused to furnish Defendant with any report or any other information relative to said Daryl L. Jackson." Pelliere asks for an order compelling the government to disclose the address, place of employment and telephone numbers of Jackson. Pelliere argues that the government's failure to supply this information, coupled with his inability to locate Jackson, has precluded him from preparing an adequate defense for the resentencing hearing. In the alternative, Pelliere seeks an order suppressing Jackson's testimony and a continuance of the resentencing hearing. Pelliere's motion contains no citation to any rule, statute or case law supporting his request.

The government opposes Pelliere's motion. (Dk. 408). The government contends that with a little effort the defendant could on his own obtain the information he seeks. In any event, the government does not want to disclose this information as "the disclosure of this information would expose this witness to possible retaliation and harassment by the defendant's associates should it be disclosed." Although Pelliere was apparently informed by phone of the substance of a recent interview with Jackson, the government indicates that no report was prepared and thus there is nothing further to disclose. Moreover, a transcript of Jackson's testimony before the grand jury was admitted into evidence at the first sentencing hearing. Pelliere has been supplied other information through discovery. In light of the fact that this case has been ongoing for over two years and that the defendant has had ample opportunity to prepare for resentencing, the government opposes Pelliere's request for a continuance.

### Analysis

Pelliere has not demonstrated that he is entitled to any of the relief which he seeks. Pelliere does not describe with any precision the efforts, if any, that he has made to locate Jackson on his own. In general, "the government is not required 'to facilitate the compilation of exculpatory material that, with some industry, defense counsel could marshall on their own.'" *United States v. Burger,* 773 F.Supp. 1419, 1426 (D.Kan.1991), *conviction aff'd, remanded for resentencing,* 964 F.2d 1065 (10th Cir.1992). The government has advanced a reasonable basis for not wanting to be the instrumentality supplying the location of Jackson. Moreover, Jackson has apparently not secreted himself from society in a manner precluding the defendant from locating him by use of some effort.

Nor has the defendant demonstrated that he is entitled as a matter of right to the information that he seeks prior to sentencing. Before trial in a non-capital case, a defendant has no right to *even a list* of potential witnesses, let alone their addresses, phone numbers and place of employment: "While a defendant in a non-capital case has no right to discover the lists of prospective government witnesses," *United States v. Metropolitan Enterprises, Inc.,* 728 F.2d 444, 451 (10th Cir.1984), the court has discretion upon the showing of compelling need to grant a motion

for discovery of the government's witness list. *United States v. Madeoy,* 652 F.Supp. 371, 375 (D.D.C.1987), *aff'd,* 912 F.2d 1486 (D.C.Cir.1990), *cert. denied,* 498 U.S. 1105, 111 S.Ct. 1008, 112 L.Ed.2d 1091 (1991); 8 James Wm. Moore, *Moore's Federal Practice* ¶ 16.02[2][c] (1995) (a defendant has no absolute right to obtain the names of government witnesses in advance of trial, except in capital cases; however, the district court may compel the government to provide the defense with such a list). A defendant, prior to sentencing, presumably enjoys no greater right to such information.

In this case, Pelliere has made no showing that he should be provided more information than he has already received. Pelliere was apprised well in advance of the resentencing hearing that the government intended to call Jackson as a witness; Jackson's testimony before the grand jury was admitted at his first sentencing. Moreover, Pelliere has a copy of Jackson's testimony before the grand jury as well as an oral summary of the information provided during a subsequent interview. Clearly, the general nature of Jackson's testimony can come as no surprise to Pelliere.

As to Pelliere's request for a continuance, that request is denied as moot. Although Pelliere's resentencing was scheduled to commence on August 15, 1995, that hearing was continued upon the court's own motion. The resentencing hearing will be rescheduled in the near future.

IT IS THEREFORE ORDERED that Pelliere's "MOTION FOR GOVERNMENT TO FURNISH REPORT, ADDRESS, PLACE OF EMPLOYMENT, AND TELEPHONE NUMBERS OF DARYL L. JACKSON, OR IN THE ALTERNATIVE, THAT DARYL L. JACKSON'S TESTIMONY BE SUPPRESSED OR STRICKEN, AND FOR A CONTINUANCE" (Dk. 406) is denied.