**UNITED STATES of America, Plaintiff,**

v.

**Ritchie Lyn KING, Defendant.**

**No. 95–40075–01–SAC.**

United States District Court, D. Kansas.

Jan. 17, 1996.

Marilyn M. Trubey, David J. Phillips, Office of Federal Public Defender, Topeka, KS, for defendant.

Gregory G. Hough, Office of the United States Attorney, Topeka, KS, for the U.S.

## MEMORANDUM AND ORDER

CROW, District Judge.

On November 1, 1995, the grand jury returned an indictment charging Ritchie Lyn King with seven counts of violating 18 U.S.C. § 2113(b), titled "Bank robbery and incidental crimes." King is alleged to have stolen money from certain automated teller machines located in Lawrence, Kansas, during the month of October, 1995.

The case comes before the court on the defendant's motion for an order granting leave to issue subpoenas duces tecum for the production of records prior to trial pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure (Dk. 22). Specifically, King seeks copies of the patrol logs of the Lawrence Security and Courier Services, Inc.; for the month of October 1995. King also seeks the personnel records on all employees employed by the Douglas County Bank and the Mercantile Bank of Lawrence who had access to the automated teller machines. In his motion, King alleges that the materials he seeks are material and integral to his defense, that his request is made in good faith, that the materials are not available from other sources, that the materials are necessary for his counsel to prepare for trial, and

that pretrial production of the materials will avoid delays during trial. The government opposes King's motion.

### Subpoena Duces Tecum

■ Rule 17(c) provides in pertinent part: The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys.

A subpoena duces tecum under Rule 17(c) "was not intended to provide a means of discovery for criminal cases ... but to expedite the trial by providing a time and place *before* trial for the inspection of subpoenaed materials." *United States v. Nixon*, 418 U.S. 683, '698–99, 94 S.Ct. 3090, 3102–03, 41 L.Ed.2d 1039 (1974). "In other words, Rule 17(c) is not a discovery tool but offers' compulsory process for securing specific, identifiable evidence for trial." *United States v. Jackson*, 155 F.R.D. 664, 667 (D.Kan.1994).

■ For an order to issue requiring production before trial, the moving party must demonstrate:

(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*Nixon*, 418 U.S. at 699–700, 94 S.Ct. at 3103; *see also United States v. Gonzalez–Acosta*, 989 F.2d 384, 389 (10th Cir.1993). The Supreme Court in *Nixon* summarized the moving party's burden as clearing the three hurdles of relevancy, admissibility, and specificity. 418 U.S. at 700, 94 S.Ct. at 3103; *see United States v. Kalter*, 5 F.3d 1166, 1169 (8th Cir.1993) ("A subpoena duces tecum must be reasonable and specific, and the documents sought must be relevant.").

It is left to the trial court's discretion to judge whether these hurdles have been cleared. *United States v. Eden*, 659 F.2d 1376, 1381 (9th Cir.1981), *cert. denied*, 455 U.S. 949, 102 S.Ct. 1450, 71 L.Ed.2d 663 (1982).

■ That the requested material is "potentially" relevant or admissible is not enough, for both tests must be satisfied when the evidence is sought. *United States v. Burger*, 773 F.Supp. 1419, 1425 (D.Kan.1991), *conviction aff'd but remanded for resentencing*, 964 F.2d 1065 (10th Cir.1992). There must be a "sufficient likelihood" that the requested material is "relevant to the offenses charged in the indictment," and a "sufficient preliminary showing that ... [the requested material] contains evidence admissible with respect to the offenses charged." *Nixon*, 418 U.S. at 700, 94 S.Ct. at 3104. Conclusory allegations of relevance and admissibility are insufficient. *Burger*, 773 F.Supp. at 1425; *see United States v. Eden*, 659 F.2d at 1381.

■ "Specificity is the hurdle on which many subpoena requests stumble." *Jackson*, 155 F.R.D. at 667. "This requirement ensures that the subpoenas are used only to secure for trial certain documents or sharply defined groups of documents." *Id.* (citing *United States v. Crosland*, 821 F.Supp. 1123, 1129 (E.D.Va.1993)). It also serves to prevent the subpoena from being converted into a license for what the Supreme Court in *Bowman Dairy Co. v. United States*, 341 U.S. 214, 221, 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951), decried as a "fishing expedition to see what may turn up." *See United States v. Noriega*, 764 F.Supp. 1480, 1493 (S.D.Fla. 1991) ("If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused"). The specificity requirement provides the subpoenaed party or other party having standing with enough knowledge about what documents are being requested so as to lodge any objections on relevancy or admissibility. *See Black v. Sheraton Corp. of America*, 564 F.2d 531, 545 (D.C.Cir.1977).

In describing the documents, the subpoena must refer to specific documents or, at least, to specific kinds of documents. 2 Charles A. Wright, *Federal Practice and Procedure* § 275 at 159 (1982); *see United States v. McCollom*, 651 F.Supp. 1217 (N.D.Ill.), *aff'd*, 815 F.2d 1087 (7th Cir.1987). Requesting entire files instead of specific documents indicates a fishing expedition. *United States v. Reed*, 726 F.2d 570, 577 (9th Cir.), *cert. denied*, 469 U.S. 871, 105 S.Ct. 221, 83 L.Ed.2d 151 (1984). The specificity hurdle, however, cannot be cleared by simply naming the title of the document. *United States v. Arditti*, 955 F.2d 331, 345–46 (5th Cir.), *cert. denied*, 506 U.S. 998, 113 S.Ct. 597, 121 L.Ed.2d 534 (1992). The moving party must specify why the materials are wanted, what information is contained in the documents, and why those documents would be relevant and admissible at trial. *See Arditti*, 955 F.2d at 345–46.

"Conjecture and speculation will not provide the lift to carry a movant over the three hurdles." *Jackson*, 155 F.R.D. at 668. Without detailed information on the requested documents, a court is only left "to speculate as to the specific nature of their contents and its relevance." *Arditti*, 955 F.2d at 346. In *Nixon*, the movant provided sworn testimony from the participants in the recorded conversations and supplied reasons from which rational inferences could be drawn on the relevance of the tapes. 418 U.S. at 700, 94 S.Ct. at 3104. Generally, courts conduct *in camera* reviews of the requested material to decide if the three hurdles are satisfied. *Arditti*, 955 F.2d at 347 (Goldberg, J., concurring). If the movant, however, fails to make a threshold showing of a specific demand for relevant and admissible material, then the court may deny the request without conducting an *in camera* review. *Id.* at 348.[1]

### Analysis

King's written brief and oral presentation to the court fall decidedly short of demonstrating that the issuance of a subpoena duces tecum is appropriate. Although King correctly identifies the appropriate le-gal standards for evaluating his motion, he does not provide the court with any meaningful factual background in which to evaluate the merits of his motion. Only in vaguest of terms has King described the factual basis underlying his need for the materials that he seeks. In such a factual vacuum, the court is simply left to speculate as to the defendant's need for the documents that he seeks. Clearly, that is not enough. Concomitant with the lack of factual basis for his motion is a lack of specificity describing the information that is contained in the documents that he seeks.

Without providing a meaningful factual basis for his request, King's motion appears to be little more than a fishing expedition for information which might be useful. Rule 17 was not intended to provide the defendant a mechanism by which to troll the waters of the sea's otherwise undiscoverable material in the small hope that something beneficial might rise to the surface. In *United States v. Ausbrook*, No. 92–40064–01, 1993 WL 270506 (D.Kan. June 4, 1993), this court denied a defendant's request for subpoena duces tecum under circumstances somewhat similar to King's request:

> Without a way to determine the nature and substance of the requested documents, the court is left to guess what might turn up, what information might be found, what relevance it might have, and what admissibility issues might arise. Rule 17(c) does not operate on assumptions and conjecture. The court has no choice but to find that the defendant failed to carry his burden of making a sufficient preliminary showing for these subpoenas to· issue and similarly has failed even to make a threshold showing necessary for an *in camera* review of the requested documents.

*Ausbrook*, 1993 WL 270506 at *4. In short, King fails to demonstrate that it is appropriate to issue a subpoena duces tecum in this case.

IT IS THEREFORE ORDERED that the defendant's motion for leave to issue subpoe-

---

1. King does not ask for an *in camera* review.

na duces tecum pursuant to Rule 17(c) (Dk. 22) is denied.